IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17CV177-RJC-DSC

| | |
|---|---|
| TYLER DOUGLAS MOSK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| GASTON COUNTY, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #10), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u>, as discussed below.

### I. PROCEDURAL AND FACTUAL BACKGROUND

Taking the facts of the Complaint as true, during the early morning hours on April 3, 2016, Defendants Ivester, Rogers, Pilkington and Matthew Johnson, all Gaston County police officers, investigated alleged underage drinking and drug use at 165 Laurel Ridge Court in Gastonia. Defendants spoke with Plaintiff, then twenty-years-old, who denied any alcohol or drug use. After shouting at Plaintiff, Defendants "threw [Plaintiff] across the room as if he

were a rag doll, and pounced on him." Complaint at 1 (document #3). Defendants then handcuffed Plaintiff and placed him under arrest for possession of marijuana and resisting arrest. While he was escorting Plaintiff to a police car, Ivester "violently threw Plaintiff, who was rear-handcuffed, towards the car, and Plaintiff lost his balance and fell face-first onto the pavement. Unable to brace himself, Plaintiff struck his head and lost consciousness." Id. at 4. Plaintiff suffered injuries to his cervical spine and underwent surgery that night.

Later that day, Ivester and his supervisor, Defendant Eric Johnson, prepared a police report stating that Plaintiff possessed marijuana and resisted the officers. See State of North Carolina v. Tyler Douglas Mosk, Gaston County Case ## 16-CR-3210 and 16-CR-053760.

Court documents show that Plaintiff was convicted on those charges in Gaston County District Court. He has appealed to Superior Court. See Exhibits 2 and 3 to "Defendants' Memorandum … in Support …" (document #10).

On March 31, 2017, Plaintiff filed his Complaint alleging claims under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and deprivation of due process in violation of his constitutional rights, as well as state law claims for assault, battery, false imprisonment, and intentional infliction of emotional distress. Plaintiff asserts claims against Defendant Gaston County under Section 1983 based upon a theory of practice, policy or custom.

On August 1, 2017, Defendants filed their Motion to Dismiss.

In his "Response …" Plaintiff states that he "has sued Defendant Officers in their individual capacities, not their official capacities." Document #12 at 11. Accordingly, the undersigned respectfully recommends that Defendants' Motion be granted to the extent the Complaint could be construed as bringing official capacity claims against the Defendant

officers.[1]

As to Plaintiff's remaining claims, Defendant's Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals

---

[1]Plaintiff's claims against the individual Defendants in their official capacities are also redundant since he has brought the same claims against Gaston County. Kentucky v. Graham, 473 U.S. 159, 167, n. 14 (1985) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978) (official capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent")); Brandon v. Holt, 469 U.S. 464, 471-72 (1985) ("An official capacity suit is, in all respects other than name, to be treated as a suit against the entity").

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Section 1983 Individual Capacity Claims

The individual Defendants argue that they are entitled to qualified immunity on Plaintiff's Section 1983 claims. The Fourth Circuit has held:

> The qualified immunity defense "'protects government officials from civil damages in a § 1983 action insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Bland v. Roberts, 730 F.3d 368, 391 (4th Cir.2013) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 250 (4th Cir.1999)). Consequently, "[i]n determining whether a defendant is entitled to qualified immunity, [we] must decide (1) whether the defendant has violated a constitutional right of the plaintiff and (2) whether that right was clearly established at the time of the alleged misconduct." Id. (citing Walker v. Prince George's Cnty., 575 F.3d 426, 429 (4th Cir.2009)).

Ross v. Early, 746 F.3d 546, 560 (4th Cir. 2014).

Defendants' actions are viewed from the perspective of an objectively reasonable officer charged with knowledge of established law. Defendants' motives are irrelevant on the issue of qualified immunity. Anderson v. Creighton, 438 U.S. 635, 641 (1987). This determination also depends upon the reasonableness of the officer's perceptions, and not those of Plaintiff or any bystanders. Gooden v. Howard Co., 954 F.2d 960, 965 (4th Cir. 1992). The Supreme Court has held that qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted).

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). Stated differently, qualified immunity "protects law enforcement officers from 'bad guesses in gray areas' and ensures that they are liable only 'for transgressing bright lines.'" Willingham v. Crooke, 412 F.3d 553, 558 (4th Cir. 2005) (quoting Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992)).

**1. Unlawful Arrest**

The Supreme Court has "recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present" and "those officials-like other officials who act in ways they reasonably believe to be lawful-should not be held personally liable." Anderson, 483 U.S. at 641. "If every mistaken seizure were to subject police officers to personal liability under § 1983, those same officers would come to realize that the safe and cautious course was always to take no action. The purposes of immunity are not served by a police force intent on escaping liability to the cumulative detriment of those duties which communities depend upon such officers to perform." Gooden, 954 F.2d at 966-67.

A conviction establishes probable cause for the arrest even where it is later overturned on appeal. Hoover v. McDowell Cnty., 155 F.3d 559, 1998 WL 398825, at 3 (4th Cir. 1998) (unpublished) ("Hoover was convicted . . . in state district court but later acquitted in superior court. His conviction in district court, however, establishes the existence of probable cause because North Carolina follows "the majority rule that 'absent a showing that the conviction in District Court was procured by fraud or other unfair means, the conviction conclusively establishes the existence of probable cause, even though the plaintiff was acquitted in Superior Court'" (quoting Myrick v. Cooley, 91 N.C. App. 209, 371 S.E.2d 492, 495 (1988)); see also Elkins v. Broome, 328 F. Supp. 2d 596, 598-600 (M.D.N.C. 2004); Falkner v. Almon, 22 N.C. App. 643, 207 S.E.2d 388, 389 (1974).

Applying those legal principles to the facts alleged here, Plaintiff's Section 1983 unlawful arrest claim fails. Plaintiff was convicted on both charges in District Court. His conviction establishes that the arrest was supported by probable cause. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's Section 1983 unlawful arrest claim against the Defendant officers in their individual capacities be granted.

**2. Violation of Due Process**

Plaintiff's brief refers to a claim for violation of due process. Document #12 at 1. Plaintiff makes no argument in support of this claim, and it was pled in a conclusory manner. As discussed above, his conviction established probable cause for his arrest. Therefore, the undersigned respectfully recommends that Defendants' Motion to Dismiss Plaintiff's Section 1983 due process claim against the Defendant officers in their individual capacities be granted.[2]

---

[2]This is the only claim against Defendant Eric Johnson.

### 3. Excessive Force

When a plaintiff alleges that an officer used excessive force, the officer's actions are analyzed under an objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 388 (1989). Graham provides three factors to guide the objective reasonableness inquiry: (1) "the severity of the crime"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect is resisting arrest or attempting to flee. Id. at 396.

Applying those legal principles to the facts here, the individual Defendants are not entitled to qualified immunity. Plaintiff alleges that while he was seated and offering no resistance, Defendants Ivester, Rogers, Pilkington and Matthew Johnson threw him across the room and "pounced" on him. Plaintiff also alleges that while he was handcuffed, Defendant Ivester threw him down onto the pavement causing him to lose consciousness and suffer a significant injury requiring surgery. Those facts, if proven, would permit a jury to conclude that the force used was unreasonable. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied as to Plaintiff's Section 1983 excessive force claim against Defendants Ivester, Rogers, Pilkington and Matthew Johnson in their individual capacities.

### C. Section 1983 Claims Against Gaston County

Municipal liability attaches under Section 1983 when an injury is caused by the execution of a municipal policy, practice or custom and results from "policymaker fault of at least the degree of deliberate indifference to or reckless disregard for the constitutional rights of persons within police force jurisdiction." Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987) (citing Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978)). Apart from formal decision-making channels, a municipal custom may arise if a practice is so "persistent and widespread" and

"so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691.

"The first inquiry in any case alleging municipal liability under §1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). "[T]he inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388.

Plaintiff offers only a generic recitation of the elements in an attempt to show that Gaston County failed to provide proper training and supervision of the officers. Conclusory allegations such as these fail as a matter of law. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Consequently, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's Section 1983 claims against Gaston County.

**D. State Law Claims**

**1. Claims for Assault and Battery**

Since the Defendant officers are not entitled to qualified immunity as to Plaintiff's Section 1983 excessive force claim, they are likewise not entitled to immunity as to the corresponding state law claims. In North Carolina, official immunity protects public officials performing discretionary acts under color of authority from being sued in their individual capacities. See Moore v. Evans, 476 S.E.2d 415, 421 (1996). Plaintiff must plead facts sufficient to show that an official's tortious actions were "malicious, corrupt or outside the scope of [his] official duties." Id. A public officer "acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial and injurious to another." Grad v.

8

Kaasa, 321 S.E.2d 888, 890 (1984).

Defendants Ivester, Rogers, Pilkington and Matthew Johnson acted with malice when they threw Plaintiff across the room and pounced on him. Defendant Ivester maliciously shoved Plaintiff to the ground while he was handcuffed. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>denied</u> as to Plaintiff's state law claims for assault and battery against Defendants Ivester, Rogers, Pilkington and Matthew Johnson.

### 2. **Claims for False Imprisonment and Malicious Prosecution**

As discussed above, Plaintiff's arrest was supported by probable cause. The undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u> as to Plaintiff's state law claims for false imprisonment and malicious prosecution.

### 3. **Claim for Intentional Infliction of Emotional Distress**

To maintain an action for intentional infliction of emotional distress under North Carolina law, a plaintiff must show: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress. Dickens v. Puryear, 276 S.E.2d 325, 335 (N.C. 1981). "Conduct is extreme and outrageous when it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Guthrie v. Conroy, 567 S.E.2d 403, 408 (N.C. App. 2002) (quoting Briggs v. Rosenthal, 327 S.E.2d 308, 311 (N.C. App.), cert. denied, 332 S.E.2d 479 (N.C. 1985). This standard "excludes a great deal of conduct that is undoubtedly very bad and is properly considered reprehensible." Walker v. Sullair Corp., No. 90–2124, 1991 WL 195754, at *3 (4th Cir. Oct. 3, 1991).

Although Plaintiff has alleged assaultive behavior by the Defendant officers, he has not shown conduct that exceed all bounds of decency. Moreover, Plaintiff has pled only that he

9
Case 3:17-cv-00177-DSC Document 18 Filed 11/07/17 Page 9 of 11

"suffer[ed] severe emotional distress." Document #1 at 15. This conclusory statement is insufficient. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's state law claim for intentional infliction of emotional distress.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Motion to Dismiss" (document #10) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to (1) all claims against Defendants Gaston County and Eric Lee Johnson, (2) all official capacity claims against the remaining Defendants, (3) Plaintiff's Section 1983 claims for unlawful arrest and violation of due process, and (4) Plaintiff's state law claims for false imprisonment, malicious prosecution, and intentional infliction of emotional distress; and **DENIED** in all other respects.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v.

Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: November 7, 2017

David S. Cayer
United States Magistrate Judge