# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:17-cv-00177-RJC-DSC

| | | |
|---|---|---|
| TYLER DOUGLAS MOSK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GASTON COUNTY, GREGORY P. | ) | |
| IVESTER, MATTHEW JOHNSON, | ) | |
| DAVID ROGERS, TIMOTHY | ) | |
| PILKINGTON, and ERIC LEE | ) | |
| JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (Doc. No. 10); their Memorandum in Support, (Doc. No. 11); Plaintiff's Response, (Doc. No. 12); Defendants' Reply, (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 18), recommending the Court grant in part and deny in part Defendant's Motion to Dismiss. Plaintiff has since filed timely objections to the M&R, (Doc. No. 19), and Defendants have filed a Response, (Doc. No. 20). This matter is now ripe for the Court's consideration. As such, for the reasons set forth below, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

### A. Factual Background

Accepting the allegations in the Complaint as true and stated in the light most favorable to Plaintiff, the facts are as follows:

1. Arrest of Tyler Douglas Mosk

On April 2, 2016, Tyler Douglas Mosk ("Plaintiff") attended a house party in Gastonia, North Carolina. (Doc. No. 1 ¶¶ 14–15). In the early morning hours of April 3, 2016, Gaston County Police Officers Gregory P. Ivester ("Ivester"), Matthew Johnson ("Johnson"), David Rogers ("Rogers"), and Timothy Pilkington ("Pilkington"), arrived at the house to investigate underage drinking. (Id. ¶¶ 15–16). Sometime after the officers began asking partygoers if there was underage drinking taking place at the house, Officer Ivester approached Plaintiff, who was seated in his chair. (Id. ¶ 17). Plaintiff asked Officer Ivester if he and the other partygoers were in trouble. (Id.). Officer Ivester reacted by shouting and physically and verbally threatening Plaintiff. (Id. ¶ 18). In response to all the shouting, Officers Johnson, Rogers, and Pilkington, came over to Plaintiff, grabbed him out of his chair, threw him across the room, pounced on him, and held him face-down. (Id. ¶ 19). Officer Timothy Pilkington then called for a Taser to be used. (Id.).

Plaintiff was 20 years old at the time, 5 feet and 3 inches tall, and weighed 135 pounds. (Id. ¶ 14). Officer Ivester was 9 inches taller than Plaintiff and weighed at least twice as much as Plaintiff. (Id. ¶ 16). Prior to and during the altercation, Plaintiff did not attempt to flee, was not physically aggressive, and was not resisting the officers in any way. (Id. ¶ 19). All four officers handcuffed Plaintiff with his hands behind his back, placed him under arrest, and Officer Ivester proceeded to remove Plaintiff from the house. (Id. ¶ 20).

As they walked towards a police car, Officer Ivester verbally abused and threatened Plaintiff. (<u>Id.</u> ¶ 21). Plaintiff complied with the officers and did not struggle, attempt to flee, or impede Officer Ivester. (<u>Id.</u> ¶ 22). Upon reaching the police car, Officer Ivester violently threw Plaintiff, who fell face-first onto the pavement. (<u>Id.</u> ¶ 23). Plaintiff lost consciousness as a result. (<u>Id.</u>).

When Plaintiff regained consciousness, he was in excruciating pain and unable to move his head and neck without extreme discomfort. (<u>Id.</u> ¶ 24). Plaintiff implored Officer Ivester to call for an ambulance. (<u>Id.</u>). Officer Ivester refused Plaintiff's requests, alternating between ignoring his pleas for help and telling him to shut up. (<u>Id.</u> ¶ 25). After an extended period of time in the back of the police car, an ambulance was called and Plaintiff was taken to CaroMount Regional Medical Center's emergency room. (<u>Id.</u> ¶ 26). Plaintiff was diagnosed with injuries to his cervical spine, including several torn ligaments, a torn C3-C4 disc, moderate cervical spinal canal stenosis at the C3-C4 and C4-C5 discs, a bulging C5-C6 disc, and various soft tissue injuries. (<u>Id.</u> ¶ 27). Plaintiff underwent emergency surgery to prevent paralysis and death. (<u>Id.</u>). Plaintiff spent six days in the hospital recovering from surgery and ultimately suffered permanent damage to his body. (<u>Id.</u> ¶ 28).

2. Agreement to Falsify Police Report

On April 3, 2016, Officer Ivester and his supervisor, Officer Eric Lee Johnson ("E. L. Johnson"), created and subscribed a false police report concerning Plaintiff's arrest. (<u>Id.</u> ¶ 33). Officers Ivester and E. L. Johnson agreed to falsely report, and did falsely report, that Plaintiff was in possession of marijuana on April 3, 2016, in

violation of state law.  (Id. ¶ 34).  Similarly, the officers agreed to falsely report, and did falsely report, that Plaintiff resisted, delayed, or obstructed the officers, in violation of state law.  (Id.).  At some point after, all five officers agreed to initiate criminal proceedings against Plaintiff in state district court. (Id. ¶ 35).  After criminal proceedings were initiated, all five officers falsely reported to the Gaston County District Attorney that Plaintiff possessed marijuana and resisted the officers on April 3, 2016.  (Id. ¶ 36).

### 3.  Plaintiff's Criminal Conviction and Appeal

On December 9, 2016, a state district court judge convicted Plaintiff on charges of possession of marijuana and resisting, delaying, or obstructing the officers.  (Doc. No. 10-3 at 1).  On December 16, 2016, Plaintiff appealed his conviction to state superior court and invoked his right to a *de novo* trial with a jury.  (Id.).  Plaintiff's criminal case is still pending in state superior court.  (Doc. No. 1 ¶ 37).

### B.  Procedural Background

Plaintiff filed his Complaint against Gaston County, and Officers Ivester, Johnson, Rogers, Pilkington, and E. L. Johnson (collectively "Defendants") on March 31, 2017.[1]  (Doc. No. 1).  The Complaint asserts causes of action under 42 U.S.C. §

---

[1] Plaintiff did not indicate in the Complaint whether he was suing the officers in their individual capacities, official capacities, or both.  (Doc. No. 1).  In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff avers that the officers are only being sued in their individual capacities.  (Doc. No. 12 ¶ 52).  Accordingly, to the extent that Plaintiff's Complaint could be construed as bringing claims against the officers in their official capacities, such official capacity claims against the officers are dismissed.

Although the Court agrees with the M&R that the official capacity claims should be dismissed, on the basis of Plaintiff's concession, the Court disagrees that

1983 for: (1) false arrest; (2) excessive force; (3) deprivation of due process; and (4) municipal liability. (Id.). The Complaint also asserts related state law claims for: (1) assault; (2) battery; (3) false imprisonment; and (4) intentional infliction of emotional distress ("IIED"). (Id.).

On August 1, 2017, Defendants filed a Motion to Dismiss for failure to state a claim as to each cause of action alleged in Plaintiff's Complaint. (Doc. No. 10). On November 7, 2017, the Magistrate Judge filed an "M&R" recommending the Court grant Defendant's Motion to Dismiss with respect to the false arrest, deprivation of due process, false imprisonment, IIED, and municipal liability causes of action, but deny Defendant's Motion to Dismiss as to the excessive force, assault, and battery causes of action. (Doc. No. 18).

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's Memorandum and Recommendation

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrates Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. §

---

such claims would be duplicative. For each claim, Plaintiff specifies the parties being sued. The only claim brought against Gaston County is the municipal liability cause of action; the first eight claims are only brought against the officers. In dismissing the claims against the officers in their official capacities, and allowing them to only proceed against the officers in their individual capacities, Gaston County is removed entirely from such claims. See Spivey v. Norris, 2016 U.S. Dist. LEXIS 3110, at *3–4 (E.D.N.C. Jan. 7, 2016).

636(b)(1)(C); FED. R. CIV. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Furthermore, the statute does not on its face require any review at all of any issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149; Camby, 718 F.2d at 200. Nonetheless, a district court judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

B. Rule 12(b)(6) Standard of Review

The standard of review for a motion to dismiss is well-known and well-stated in the M&R. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy the Rule 8 requirement, the showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, "do not suffice." <u>Id.</u> Although the Court must consider all well-pled allegations in the complaint as true, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 783 (4th Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Although the court cannot weigh the facts or assess the evidence at this stage, a complaint entirely devoid of any facts supporting a given claim cannot proceed. <u>Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.</u>, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014).

## III. DISCUSSION

Plaintiff interposed three broad objections to the Magistrate Judge's M&R. (Doc. No. 19). First, Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff's conviction in state district court for possession of marijuana and resisting, delaying, or obstructing the officers established that Plaintiff's arrest was supported by probable cause. (<u>Id.</u> ¶ 11). Plaintiff argues that his conviction had been appealed and is currently pending in state superior court, such that it is void for purposes of determining that there was probable cause for the arrest. (<u>Id.</u>). Second, Plaintiff contends that the Magistrate Judge erred in concluding that Plaintiff failed to include specific factual allegations to support the deprivation of due process, IIED,

and municipal liability causes of action. (Id. ¶¶ 17, 21). Plaintiff alternatively argues that he should be permitted to amend his complaint to include the necessary factual allegations. (Id. ¶¶ 20, 23). Third, Plaintiff contends that the Magistrate Judge erred in concluding that the officers' conduct did not rise to the level of extremeness and outrageousness necessary to support an IIED claim. (Id. ¶¶ 18, 19).

Defendants filed a Response to Plaintiff's Objections on December 4, 2017. (Doc. No. 20). Defendants counter that the causes of action were properly dismissed and that the remaining claims should be dismissed, as well, or in the alternative, stayed pending the outcome of Plaintiff's criminal case appeal. (Id. at 2–3). Defendants contend that the causes of action for false arrest, malicious prosecution,[2] and false imprisonment constitute an impermissive collateral attack on the state district court conviction and that Plaintiff's appeal does not negate the presumption that arises from the convictions that the arrest was supported by probable cause. (Id. at 3). Defendants also agree with the Magistrate Judge that Plaintiff failed to include specific factual allegations to support various causes of action, and that Defendants' conduct did not rise to the level of extremeness and outrageousness necessary to support an IIED claim. (Id.).

---

[2] In Plaintiff's Complaint, Plaintiff appears to assert a claim of malicious prosecution against Defendants. (Doc. No. 1 ¶¶ 1, 98). However, in Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff avers that "Plaintiff has not asserted a claim for malicious prosecution." (Doc. No. 12 ¶ 46). To the extent that Plaintiff's Complaint could be construed as asserting a claim of malicious prosecution against Defendants, such claim is dismissed.

A.  Plaintiff's Section 1983 Claim for False Arrest

Plaintiff's first cause of action is a constitutional claim of false arrest brought under § 1983 against Officers Ivester, Johnson, Rogers, and Pilkington, in their individual capacities.  Plaintiff alleges that the four officers "placed Plaintiff under arrest without any probable cause."  (Doc. No. 1 ¶ 40).

The Magistrate Judge concluded that Plaintiff's false arrest claim fails because Plaintiff was convicted of the crimes for which he was arrested, thus establishing the existence of probable cause for his arrest.  Plaintiff objects on the grounds that his conviction was procured by fraud or other unfair means, and that his conviction has been appealed to state superior court.

Under the Fourth Amendment,[3] individuals have a right to be free from unlawful seizures of their person, including unlawful arrests.  See Imbler v. Pachtman, 424 U.S. 409, 418–19 (1976); Pierson v. Ray, 386 U.S. 547, 554–55 (1967).  A warrantless arrest violates the Fourth Amendment when an officer lacks probable cause to believe that a person has committed or is committing an offense.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).  Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964).  Therefore, to state a claim for false arrest, a plaintiff must allege that

---

[3] The Fourth Amendment's guarantees are made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  Mapp v. Ohio, 367 U.S. 643, 655 (1961).

the arrest was made without a warrant and without probable cause.  See <u>Miller v. Prince George's Cnty., Md.</u>, 475 F.3d 621, 627 (4th Cir. 2007).

      1.  42 U.S.C. § 1983

      The Federal Civil Rights Act imposes civil liability upon every person who, under color of law, deprives another of rights secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994) (internal quotation marks omitted) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3, (1979)).  To state a claim under § 1983, a plaintiff must allege: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." <u>Id.</u>  There is no cause of action for false arrest under § 1983 unless the officer lacked probable cause.  <u>Street v. Surdyka</u>, 492 F.2d 368, 372–73 (4th Cir. 1974).  There is no cause of action for false arrest under § 1983 if a plaintiff is convicted following the arrest, even if that conviction is subsequently overturned on appeal, unless the conviction was procured by fraud or other unfair means.  <u>Hoover v. McDowell Cty.</u>, No. 96-2566, 1998 U.S. App. LEXIS 12719 (4th Cir. June 15, 1998) (per curiam) (holding that a conviction in state district court, later overturned in state superior court, conclusively establishes the existence of probable cause and defeats a claim for false arrest under § 1983).

2.  Heck v. Humphrey

In Heck v. Humphrey, the U.S. Supreme Court held that in a Section 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994).

In this case, the Court takes judicial notice[4] that Plaintiff was convicted in state district court of the crimes for which he was arrested, which establishes the existence of probable cause for his arrest. On December 9, 2016, Plaintiff was convicted in the North Carolina General Court of Justice, District Court Division for Gaston County, on charges of possession of marijuana, in violation of N.C. Gen. Stat. § 90-95(D)(4) (Case No. 16CR053760), and resisting, delaying, or obstructing a public officer, in violation of N.C. Gen. Stat. § 14-223 (Case No. 16CR003210). Although Plaintiff alleges in the Complaint that he neither possessed marijuana nor resisted, delayed, or obstructed the officers, the state district court convictions conclusively establish the existence of probable cause for Plaintiff's arrest and defeat Plaintiff's false arrest claim. Plaintiff's legal conclusion that his state district court convictions were procured by fraud notwithstanding, Plaintiff states no facts suggesting that they were procured by fraud or other unfair means. See Poston v. Shappert, 222 F. App'x

---

[4] The Court "may properly take judicial notice of matters of public record," and "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic," without converting the motion to dismiss into a motion for summary judgment. Philips v. Pitt Cty. Mem'l. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

301, 301 (4th Cir. 2007) (holding that plaintiff's claims were not "cognizable under § 1983" because plaintiff made "no showing that his conviction ha[d] been reversed, expunged, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus").  While the Court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."  Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F. 3d 175, 180 (4th Cir. 2000).  A court also need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  Veney v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted).

Plaintiff's convictions are matters properly subject to judicial notice and supersede Plaintiff's allegations in the Complaint that he neither possessed marijuana nor resisted, delayed, or obstructed the officers and that the officers lacked probable cause to arrest him.  Plaintiff alleges in his Complaint that he is innocent of the crimes of which he was convicted, and success on Plaintiff's Section 1983 claims would necessarily imply the invalidity of his convictions.  As Plaintiff has not shown that his convictions have already been invalidated, Plaintiff's Section 1983 claim for false arrest is barred by Heck.  See Gaines v. Tomasetti, 2012 U.S. Dist. LEXIS 58298, at *16 n.6 (W.D.N.C. Apr. 26, 2012) (finding unlawful arrest claim Heck-barred because plaintiff pled guilty to charge for which he was arrested, and plaintiff did not show that his guilty plea had been overturned or invalidated).

The facts alleged in the Complaint do not state a claim for relief for false arrest and accordingly Defendants' Motion to Dismiss as to that claim is **GRANTED**. Plaintiff's objection is **OVERRULED**. Plaintiff's false arrest cause of action would not survive a motion to dismiss even if Plaintiff were permitted to amend his Complaint, and thus any amendment would be futile. See Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) (holding that if an amended complaint could not withstand a motion to dismiss, the motion to amend should be denied as futile). Accordingly, the Court **DISMISSES without prejudice** Plaintiff's false arrest claim.[5]

B. Plaintiff's Section 1983 Claim for Deprivation of Due Process

Plaintiff's third cause of action is a constitutional claim of deprivation of due process brought under § 1983 against Officers Ivester, Johnson, Rogers, Pilkington, and E. L. Johnson, in their individual capacities. Plaintiff alleges that the five officers conspired to deprive Plaintiff of his civil rights by "concealing and failing to disclose

---

[5] When a § 1983 claim is dismissed under Heck, the dismissal should be without prejudice, because the conviction may subsequently be "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Almost every circuit, with the exception of the 4th, 6th, and 11th Circuits, has considered whether dismissal of Heck-barred claims should be with or without prejudice, and every circuit reaching the issue, with the exception of the 5th Circuit, has held that dismissal should be without prejudice. See White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (holding that dismissal under Heck should be without prejudice); Amaker v. Weiner, 179 F.3d 48, 52 (2nd Cir. 1999) (same); Curry v. Yachera, 835 F.3d 373, 379 (3rd Cir. 2016) (same); Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995) (per curiam) (same); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (same); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (same); Fottler v. United States, 73 F.3d 1064, 1065–66 (10th Cir. 1996) (same); but see Boyd v. Biggers, 31 F.3d 279, 283–84 (5th Cir. 1994) (dismissing complaint pursuant to Heck, with prejudice); Stephenson v. Reno, 28 F.3d 26, 27–28 (5th Cir. 1994) (same).

exculpatory evidence," "allowing the fabrication of false incriminating statements," "fabricating evidence," "giving perjurious testimony," and "failing to disclose … fabricated evidence inculpating Plaintiff." (Doc. No. 1 ¶ 50).

The Magistrate Judge concluded that Plaintiff's deprivation of due process claim fails because Plaintiff failed to include any factual allegations to support deprivation of due process, and because the claim is barred by Heck, as judgment in Plaintiff's favor would necessarily imply the invalidity of his convictions. Plaintiff objects on the ground that he pled sufficient facts to show an agreement between the officers to fabricate evidence and present false testimony.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. The Due Process Clause of the Fourteenth Amendment affords both procedural and substantive due process of law. Troxel v. Granville, 530 U.S. 57, 65 (2000); see also Martin v. Saint Mary's Dep't of Soc. Servs., 346 F.3d 502, 511 (4th Cir. 2003) (internal quotation marks omitted) (explaining that due process "guarantees more than fair process and includes a substantive component that provides heightened protection against government interference with certain fundamental rights"). It is unclear from Plaintiff's Complaint whether Plaintiff is claiming violations of procedural due process, substantive due process, or both.

Substantive due process "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Zinermon v. Burch, 494 U.S. 113, 125 (1990) (internal quotations omitted) (citing Daniels v.

Williams, 474 U.S. 327, 331 (1986)).  To state a substantive due process claim, a plaintiff must allege: (1) a liberty or property interest; (2) the deprivation of that interest by the state; and (3) that "the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency." Sylvia Dev. Corp. v. Calbert Cnty., 48 F.3d 810, 827 (4th Cir. 1995).

Procedural due process requires both fair notice of an impending state action and an opportunity to be heard.  Mathews v. Eldridge, 424 U.S. 319, 333 (1976); see also Snider Intern. Corp. v. Town of Forest Heights, Md., 739 F.3d 140, 146 (4th Cir. 2014).  To state a procedural due process claim, a plaintiff must allege: "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." Kendall v. Balcerzak, 650 F.3d 515, 528 (4th Cir. 2011).

The Fourth Circuit has "recognized a due process right not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigating capacity." Massey v. Ojaniit, 759 F.3d 343, 354 (4th Cir. 2014) (citations and internal quotations omitted).  The Fourth Circuit has also held that a police officer who withholds exculpatory information from a prosecutor can be liable under § 1983, Goodwin v. Metts, 885 F.2d 157, 162 (4th Cir. 1989), but only when the officer's failure to disclose deprived the plaintiff of his right to a fair trial, Taylor v. Waters, 81 F.3d 429, 436 n.5 (4th Cir. 1996).

Irrespective of whether Plaintiff alleges procedural or substantive due process violations, the Court finds that the facts alleged by Plaintiff fail to state a claim upon

which relief can be granted. Plaintiff failed to include any factual allegations showing that the five officers conspired to deprive him of his civil rights. Plaintiff fails to identify the exculpatory evidence that was concealed and the incriminating statements that were fabricated against him. There are no factual allegations about the evidence that was fabricated and the perjured testimony that was given. Plaintiff's allegation of an agreement to fabricate evidence and present false testimony is vague and bereft of specifics, and does not meet the standards set by Iqbal and Twombly. Additionally, Plaintiff's deprivation of due process claim is Heck-barred as judgment in favor of Plaintiff would necessarily imply the invalidity of his convictions, and Plaintiff has not alleged that his convictions have already been invalidated. See Charles v. Greenway, 2013 U.S. Dist. LEXIS 61517, at *2 (W.D.N.C. Apr. 30, 2013) (finding due process violation claim Heck-barred because plaintiff failed to "provide any evidence that his charges, or conviction for that matter, have been set aside or otherwise invalidated").

The facts alleged in the Complaint do not state a claim for relief for deprivation of due process and accordingly Defendants' Motion to Dismiss as to that claim is **GRANTED**. Plaintiff's objection is **OVERRULED**. Plaintiff's deprivation of due process cause of action would not survive a motion to dismiss even if Plaintiff were permitted to amend his Complaint, and thus any amendment would be futile.

Accordingly, the Court **DISMISSES without prejudice** Plaintiff's deprivation of due process claim.[6]

C. <u>Plaintiff's State Law Claim for False Imprisonment</u>

Plaintiff's sixth cause of action is a state law claim of false imprisonment against Officers Ivester, Johnson, Rogers, and Pilkington, in their individual capacities. Plaintiff alleges that the four officers "illegally restrained Plaintiff by placing him in handcuffs and taking him into custody" "with unjustified force and express and implied threats of force." (Doc. No. 1 ¶¶ 82–83).

The Magistrate Judge concluded that Plaintiff's false imprisonment claim fails because Plaintiff was convicted of the crimes for which he was arrested, thus establishing the existence of probable cause for his arrest and subsequent imprisonment. Plaintiff objects on the grounds that his conviction was procured by fraud or other unfair means, and that his conviction has been appealed to state superior court.

False imprisonment is "the illegal restraint of the person of any one against his will." <u>Fowler v. Valencourt</u>, 435 S.E.2d 530, 532 (N.C. 1983) (citation and internal quotation marks omitted); <u>see also</u> N.C. Gen. Stat. § 1-54(3) (2017). Under North Carolina state law, restraint of a person who is arrested without probable cause will give rise to a claim of false imprisonment. <u>Myrick v. Cooley</u>, 371 S.E.2d 492, 494

---

[6] Since Defendants' Motion to Dismiss is granted as to the due process violation claim, which was the only claim asserted against Officer E. L. Johnson, he is terminated from this case.

(N.C. App. 1988). If there was probable cause for the arrest, there is no cause of action for false imprisonment. Id.

Plaintiff's false imprisonment claim is Heck-barred, given that there was probable cause for Plaintiff's arrest, and consequently there was no constitutional violation with respect to Plaintiff's arrest and subsequent imprisonment. See Millsap v. Franks, 2013 U.S. Dist. LEXIS 5916, at *2 (W.D.N.C. Jan. 15, 2013) (finding false imprisonment claim Heck-barred because success on claim "would imply the invalidity of [p]laintiff's underlying conviction"). Plaintiff's legal conclusion that his state district court convictions were procured by fraud notwithstanding, Plaintiff states no facts suggesting that they were procured by fraud or other unfair means. It follows that the facts alleged in the Complaint do not state a claim for relief for false imprisonment and Defendants' Motion to Dismiss as to that claim is **GRANTED**. Plaintiff's objection is **OVERRULED**. Plaintiff's false imprisonment cause of action would not survive a motion to dismiss even if Plaintiff were permitted to amend his Complaint, and thus any amendment would be futile. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's false imprisonment claim.

D. Plaintiff's State Law Claim for Intentional Infliction of Emotional Distress

Plaintiff's seventh cause of action is a state law claim of IIED against Officers Ivester, Johnson, Rogers, and Pilkington, in their individual capacities. Plaintiff alleges that the four officers intentionally "engaged in extreme and outrageous conduct in verbally and physically threatening Plaintiff with violence, throwing Plaintiff's body across a room, assaulting and battering him, placing him under arrest

without legal cause or justification, and by assaulting Plaintiff when he was rear-cuffed and thereby causing him severe and permanent physical injury," consisting of several torn ligaments, damaged and bulging discs, and various soft tissue injuries. (Doc. No. 1 ¶¶ 27, 87–88).

The Magistrate Judge concluded that Plaintiff's IIED claim fails because Plaintiff failed to allege both "extreme and outrageous conduct" and "severe emotional distress." (Doc. No. 18 at 9–10); (Doc. No. 20 at 2–3). Plaintiff objects on the ground that he sufficiently alleged both "extreme and outrageous conduct" and "severe emotional distress."

To state a claim for IIED in North Carolina, a plaintiff must allege (1) extreme and outrageous conduct, (2) intended to cause severe emotional distress, (3) that did indeed cause severe emotional distress. Holloway v. Wachovia Bank & Trust Co., 452 S.E.2d 233, 240 (N.C. 1994). Whether conduct is sufficiently extreme and outrageous is a question of law. Simmons v. Chemol Corp., 528 S.E.2d 368, 372 (N.C. App. 2000). "Conduct is extreme and outrageous when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Smith-Price v. Charter Behavioral Health Sys., 595 S.E.2d 778, 782 (N.C. App. 2004) (internal quotation marks and citations omitted). The term "severe emotional distress means any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained

to do so." Waddle v. Sparks, 414 S.E.2d 22, 27 (N.C. 1992) (internal quotation marks omitted) (quoting Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C. 1990)).

In the Complaint, Plaintiff alleges that the four officers assaulted and battered him and caused him severe injuries consisting of torn ligaments, damaged and bulging discs, and various soft tissue injuries, and this conduct plausibly rises to the level of extremeness and outrageousness necessary to support an IIED claim. See, e.g., Gamble v. Barnette, 2007 U.S. Dist. LEXIS 48815, at *20 (W.D.N.C. July 3, 2007) (finding conduct extreme and outrageous when officer handcuffed plaintiff and arrested him without probable cause); Pruett v. Town of Spindale, 162 F. Supp. 2d 442, 447 (W.D.N.C. 2001) (finding conduct extreme and outrageous when officer beat defendant and caused him permanent physical damage); but see Case v. Stewart, 2007 U.S. Dist. LEXIS 339, at *17 (W.D.N.C. Jan. 4, 2007) (refusing to find conduct extreme and outrageous when officer shoved plaintiff, causing him to stumble and fall).

However, Plaintiff's Complaint is without any factual allegations showing that Plaintiff suffered severe emotional distress. Plaintiff merely alleges that the four officers caused Plaintiff severe emotional distress, and fails to identify any emotional or mental disorder. There are no indications that Plaintiff sought mental health treatment or that Plaintiff exhibited any specific symptoms. There are no factual allegations about the severity of Plaintiff's emotional distress. Plaintiff's allegation that he suffered severe emotional distress, without more, is a legal conclusion couched

as a factual allegation and the Court is not bound to accept it as true. <u>See, e.g.</u>, <u>McFadyen v. Duke Univ.</u>, 786 F. Supp. 2d 887, 980 (M.D.N.C. 2011) (concluding that plaintiffs failed to state a claim for IIED because they "failed to include any factual allegations as to [their] emotional or mental disorders, condition, or diagnosis"); <u>Horne v. Cumberland County Hosp. Sys.</u>, 228 N.C. App. 142 , 746 S.E.2d 13 , 20 (N.C. App. 2013) (concluding that plaintiff failed to state a claim for IIED because she failed include any "factual allegations regarding the type, manner, or degree of severe emotional distress"); <u>Holleman v. Aiken</u>, 668 S.E.2d 579, 590 (N.C. App. 2008) (concluding that plaintiff failed to state a claim for IIED because she "failed to make any specific allegations as [to] the nature of her 'severe emotional distress.'").

The facts alleged in the Complaint do not state a claim for relief for IIED and Defendants' Motion to Dismiss as to that claim is **GRANTED**. Plaintiff's objection is **OVERRULED**. To allege IIED, Plaintiff will need to amend his Complaint, if he can do so in good faith under Rule 11 of the Federal Rules of Civil Procedure, to show that Plaintiff suffered severe emotional distress. Accordingly, the Court **DISMISSES without prejudice** Plaintiff's IIED claim, and Plaintiff will be allowed to amend this aspect of his Complaint within 10 days.

E. <u>Section 1983 Claim Against Gaston County</u>

Plaintiff's ninth cause of action is a constitutional claim of municipal liability brought under § 1983 against Gaston County.

The Magistrate Judge concluded that Plaintiff's municipal liability claim fails because Plaintiff failed to include factual allegations to support the claim, and

because the claim is barred by governmental immunity. Plaintiff objects on the ground that he pled sufficient facts to show a policy, custom or procedure that encourages officers to engage in misconduct and violate constitutional rights.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) (emphasis in original), but rather it must be shown that the municipality itself causes the constitutional violation through the execution of its policy or custom, City of Canton v. Harris, 489 U.S. 378, 385 (1989). "[T]he inadequacy of police training may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, 489 U.S. at 388. A municipality is deliberately indifferent to constitutional rights when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights." Id. at 390. Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick v. Thompson, 563 U.S. 51, 61 (2011) (quoting Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 410 (1997)). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Connick, 563 U.S. at 62 (citations and internal quotations omitted).

Upon review of Plaintiff's Complaint, the Court agrees with the Magistrate Judge that Plaintiff has failed to sufficiently allege a Section 1983 claim of municipal liability against Gaston County. In the Complaint, Plaintiff alleges that Gaston

County "permitted, encouraged, tolerated and ratified a pattern of practice or custom of the use of force in an unjustified and unreasonable manner, as well as allowing officers to make arrests without probable cause," by failing to train, supervise, and discipline its officers. (Doc. No. 1 ¶ 96). However, Plaintiff's Complaint is without any factual allegations about the nature of the training, supervision, and disciplining of officers in the Gaston County Police Department. Plaintiff has failed to identify any specific deficiency in the training, supervision, and disciplining of the officers to which constitutional violations can be attributed. Plaintiff has failed to allege any prior instances of misconduct that would constitute a pattern, and Plaintiff has not alleged that Gaston County had knowledge of such prior instances of misconduct as of the time of Plaintiff's arrest. Plaintiff's Complaint also lacks any factual allegations that Gaston County adopted an official or unofficial practice or custom as to the unjustified use of force or the arrest of citizens without probable cause. Plaintiff's allegation that Gaston County adopted a practice or custom of allowing its officers to engage in misconduct and violate constitutional rights, without more, is a legal conclusion couched as a factual allegation and the Court is not bound to accept it as true.

    1. <u>Governmental Immunity</u>

Under North Carolina state law, counties in North Carolina may waive governmental immunity "to the extent of insurance coverage, for any act or omission occurring in the exercise of a governmental function." N.C. Gen. Stat. § 153A-435 (2017). Even if a municipality has insurance coverage, governmental immunity is

not waived if the insurance policy has a clear provision excluding claims that would qualify for governmental immunity. Poole v. Gaston Cnty., 2016 U.S. Dist. LEXIS 106334, at *13–15 (W.D.N.C. Aug. 11, 2016) (citing Wright v. Gaston Cnty., 698 S.E.2d 83, 88 (N.C. App. 2010)).

In this case, Gaston County obtained insurance coverage, but the insurance policy had a clear provision excluding claims that would qualify for governmental immunity. The insurance policy in this case contains the following exclusion provision:

> For any amount for which the Insured would not be liable under applicable governmental or sovereign immunity but for the existence of this Policy; the issuance of this insurance shall not be deemed a waiver of any statutory immunities by or on behalf of any insured ….

(Doc. No. 17 at 18).[7] Because the exclusion provision clearly establishes that no coverage is provided for any claim for which the defense of governmental immunity is available, Gaston County cannot be deemed to have waived governmental immunity by purchasing the insurance. See Hagans v. City of Fayetteville, 2015 U.S. Dist. LEXIS 93313, at *14 (E.D.N.C. July 17, 2015) (holding that an identical exclusion provision did not waive governmental immunity). Accordingly, Plaintiff's

---

[7] The Court may consider extrinsic materials in the public record at the 12(b)(6) stage, and judicially notice a fact therein, without converting a motion to dismiss into a motion for summary judgment. Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (taking judicial notice of publicly available statistics from the Virginia Division of Legislative Services website) (citing Papasan v. Allain, 478 U.S. 265, 268 n. 1 (1986)). The Court finds that consideration of the insurance contract is proper, and taking judicial notice of the exclusion provision is permitted, because the insurance contract is publicly available from the Gaston County Manager's Office, and the presence of the exclusion provision "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See FED. R. EVID. 201(b).

Section 1983 claim for municipal liability against Gaston County is barred by governmental immunity.

Plaintiff has failed to plead specific facts to support the legal conclusions asserted against Gaston County and that would deny Gaston County's governmental immunity. The facts alleged in the Complaint do not state a claim for relief for municipal liability that meets the standards set by Iqbal and Twombly, and accordingly Defendants' Motion to Dismiss as to that claim is **GRANTED**. Plaintiff's objection is **OVERRULED**. Plaintiff's municipal liability cause of action would not survive a motion to dismiss even if he were permitted to amend his Complaint, and thus any amendment would be futile. Accordingly, the Court **DISMISSES with prejudice** Plaintiff's municipal liability claim.[8]

F. Plaintiff's Request to Amend the Complaint

Rule 15 allows a party to amend once as a matter of course within twenty-one days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Plaintiff has not filed an amended complaint and

---

[8] Since Defendants' Motion to Dismiss is granted as to the municipal liability claim, which was the only claim asserted against Gaston County, the county is terminated from this case.

21 days have passed since the Motion to Dismiss was filed, and therefore Plaintiff requires the leave of the Court to amend his Complaint.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). There are three grounds for denying a request to amend a complaint: prejudice, bad faith, and futility. Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

Here, Plaintiff's false arrest, deprivation of due process, and false imprisonment claims would not survive a subsequent motion to dismiss, even if Plaintiff were permitted to amend his Complaint, because those claims are Heck-barred, and therefore amendment would be futile. Plaintiff's municipal liability claim would similarly not survive because it is barred by governmental immunity. However, Plaintiff's IIED claim could survive a subsequent motion to dismiss if Plaintiff were permitted to amend his Complaint to include specific facts showing that he sought mental health treatment, that he exhibits specific symptoms, and that he was diagnosed with a severe and disabling emotional or mental condition.

Although Plaintiff did not properly move the Court for leave to amend his Complaint, justice requires that leave be given in this case on the ground that it is likely Plaintiff will be able to remedy the IIED claim. There is no indication that

Plaintiff is acting in bad faith or that Defendants will be prejudiced. Defendants have not objected to Plaintiff's request to amend. Accordingly, the Court will grant leave and allow Plaintiff to amend his complaint within 10 days, with respect to the IIED claim.

## IV. CONCLUSION

The Court agrees with the Magistrate Judge that Plaintiff's conviction in state district court conclusively establishes that Plaintiff's arrest was supported by probable cause, for purposes of the false arrest, deprivation of due process, and false imprisonment causes of action, and overrules Plaintiff's objection. The Court also agrees with the Magistrate Judge that Plaintiff failed to include specific factual allegations to support the deprivation of due process, IIED, and municipal liability causes of action, and overrules Plaintiff's objection.

The Court disagrees, however, with the Magistrate Judge that Plaintiff failed to include factual allegations showing extreme and outrageous conduct, and sustains Plaintiff's objection as to that issue.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss, (Doc. No. 10), is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' Motion to Dismiss Plaintiff's First Cause of Action, false arrest, is **GRANTED**, and such claim is **DISMISSED without prejudice**;

2. Defendants' Motion to Dismiss Plaintiff's Second Cause of Action, excessive force, is **DENIED**;

3.  Defendants' Motion to Dismiss Plaintiff's Third Cause of Action, deprivation of due process, is **GRANTED**, such claim is **DISMISSED without prejudice**, and Officer E. L. Johnson is terminated from this case, as there is no longer any claim pending against him;

4.  Defendants' Motion to Dismiss Plaintiff's Fourth Cause of Action, assault, is **DENIED**;

5.  Defendants' Motion to Dismiss Plaintiff's Fifth and Sixth Causes of Action, battery, is **DENIED**;

6.  Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action, false imprisonment, is **GRANTED**, and such claim is **DISMISSED without prejudice**;

7.  Defendants' Motion to Dismiss Plaintiff's Eighth Cause of Action, intentional infliction of emotional distress, is **GRANTED**, and such claim is **DISMISSED without prejudice**, and Plaintiff is **ALLOWED** to amend this aspect of his Complaint within 10 days; and

8.  Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action, municipal liability, is **GRANTED**, such claim is **DISMISSED with prejudice**, and Gaston County is terminated from this case, as there is no longer any claim pending against it.

Signed: March 30, 2018

Robert J. Conrad, Jr.
United States District Judge